Marcie E. Schaap, #4660
**ATTORNEY AT LAW, P.C.**
4670 S. Highland Dr. #333
Salt Lake City, UT 84117
Telephone: (801) 201-1642
Facsimile: (801) 272-6350
e-mail:  marcie.schaap@gmail.com

Attorney for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba MCKAY-DEE HOSPITAL, | )<br>)  **COMPLAINT** |
| Plaintiff, | )<br>) |
| v. | )  Case No.  2:16-cv-01059-CW<br>) |
| NUCOR CORPORATION, | )  Judge Clark Waddoups<br>) |
| Defendant. | )<br>)<br>)<br>) |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, IHC HEALTH SERVICES, INC. ("IHC"), operates several hospitals in the Intermountain Area, including MCKAY-DEE HOSPITAL (the "Hospital"), in Ogden, Utah.

2. IHC and the Hospital may be referred to collectively herein as "Plaintiff."

3. NUCOR CORPORATION ("Nucor" or "Defendant" herein) is a foreign entity.

4. Nucor provided an Employee Benefit Plan (the "Plan") which covered M.M.

5. The Plan provided medical benefits to M.M.

6. EBS-RMSCO, Inc. ("EBS") was the claims processor for the Plan.

7. EBS was an agent of the Defendant.

8. EBS was an agent of the Plan.

9. The Plaintiff provided medical services to M.M. at the Hospital from August 16, 2013, to August 18, 2013.

10. M.M. signed an Assignment of Benefits ("AOB") in favor of the Plaintiff for the claims which are in dispute herein.

11. The Defendant provided employee welfare benefits to M.M. through the Plan which was established and operated under the Employee Retirement Income Security Act of 1974 ("ERISA").

12. This is an action brought under ERISA.  This Court has jurisdiction of this case under 29 U.S.C. §1132(e)(1).  Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendant in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah.  Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

13. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for interest and attorneys' fees under 29 U.S.C. §1132(g), for

statutory penalties under 29 U.S.C. §1132(c)(1), and for other appropriate equitable relief under 29 U.S.C. §1132(a)(3).

## FACTUAL BACKGROUND

### A.  Medical Treatment

14. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

15. M.M. was treated at the Hospital from September 18, 2013, to September 20, 2013, as an urgent transfer from an in-network hospital due to emergent conditions.

16. M.M. received treatment at the Hospital that was medically necessary and appropriate given the circumstances.

17. The Plaintiff's billed charges for the treatment rendered to M.M. at the Hospital were $40,482.11 ("Billed Charges" herein).

18. The Defendant paid $23,687.87 (or 58.51% of Billed Charges) to the Hospital for this claim.

19. The balance of $16,794.24 is still due to the Hospital from the Defendant for the services it rendered to M.M.

### B.  Claims and Claim Processing

20. The Hospital submitted claims to the Defendant, or its agent, for M.M.'s treatment in a timely manner.

21. The Defendant and/or its agent denied the amount of $16,794.24, based on its conclusion that the Hospital was out of network, the treatment lacked prior authorization, and the charges exceeded the usual, customary and reasonable charges for this treatment.

22. Because M.M.'s treatment was an emergency room visit, the treatment does not require prior authorization.

23. M.M. and/or the Plaintiff have sent written appeal letters to the Defendant on the following dates:

   A. March 4, 2014

   B. August 12, 2015

24. The parties have also communicated many times by phone as set forth in the electronic and written records kept by the Plaintiff of the communications it has had with the Defendant during the appeal process.

25. A copy of the Plaintiff's communication records was sent to the Defendant prior to this litigation being filed.

26. The Defendant has not paid the outstanding balance due to the Hospital for the treatment it rendered to M.M.

27. A balance of $16,794.19, plus interest, remains due to the Plaintiff from the Defendant for the treatment the Hospital rendered to M.M.

**FIRST CAUSE OF ACTION**

(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

28. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a beneficiary of the Plan and stands in the shoes of M.M. pursuant to the AOB.

30. The Plaintiff has submitted all proof necessary to the Defendant to support its claim for payment.

31. The Defendant has failed to provide evidence to the Plaintiff to support its basis for denial.

32. The Defendant has denied, without support for its position, the Plaintiff's claims for the medical expenses it incurred in treating M.M.

33. The Defendant has not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendant to deny this claim.

34. The Defendant bears the burden of proving that an exclusion applies to this claim.

35. The Defendant has failed to bear its burden of proof that an exclusion or requirement in the Plan Document supports its denial of the claim for M.M.'s treatment.

36. The Defendant' actions have been unreasonable.

37. The Defendant failed to offer the Plaintiff a "full and fair review" as required by ERISA.

38. The Defendant failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

39. The actions of the Defendant, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

40. The actions of the Defendant have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

41. The Defendant is responsible to pay the claim for M.M.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. §1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

42. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

43. Defendant has breached its fiduciary duties under ERISA in the following ways:

   A. Defendant has failed to discharge its duties with respect to the Plan:

      1. Solely in the interest of the participants and beneficiaries of the Plan and

      2. For the exclusive purpose of:

         a. Providing benefits to participants and their beneficiaries; and

         b. Defraying reasonable expenses of administering the Plan.

      3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

      4. By failing to fully investigate the Plaintiff's claims.

      5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

      6. By denying the claim for lack of pre-authorization, when pre-authorization was not necessary.

      7. And in other ways to be determined as additional facts are discovered.

44. The actions of the Defendant in breaching its fiduciary duties under ERISA have caused damage to the Plaintiff in the form of denied medical benefits.

6

45. In addition, as a consequence of the breach of fiduciary duties of the Defendant, the Plaintiff has been required to obtain legal counsel and file this action.

46. Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

47. Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred in treating M.M., as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

### THIRD CAUSE OF ACTION

(Failure to Produce Plan Documents Upon Written Request -
29 U.S.C. §§1024(b)(4) and 1132(c)(1)

48. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

49. The Plaintiff requested and SPD and Plan Document from the Defendant, or its agent, on the following dates:

   A. March 4, 2014; and

   B. August 12, 2015.

50. The Defendant did not provide the SPD and/or Plan Document to the Plaintiff until August 25, 2015.

51. The actions of the Defendant in failing to provide, within thirty (30) days after a written request was made, a copy of relevant Plan documents, as requested by the Plaintiff, is a violation of the provisions of 29 U.S.C. §1024(b)(4).

52. The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability to pursue administrative appeal of the Plan's denial of payment, and hindering the Plaintiff's ability to determine whether the Defendant' denial was meritorious.

53. In addition, as a consequence of the failure of the Defendant to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

54. Pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

55. The maximum statutory damages which have accrued to date for the requests which Plaintiff has made for the Summary Plan Description (SPD) and Plan Document (PD), which have gone unanswered, is $55,990.00.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $16,794.24, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $16,794.24, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3. For judgment on Plaintiff's Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each request, to the date of production of the requested documents against the Defendant, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

4. For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 17th day of October, 2016.

**MARCIE E. SCHAAP, ATTORNEY AT LAW, P.C.**

By:       /s/ Marcie E. Schaap
          Marcie E. Schaap
          Attorney for Plaintiff